Matter of New York Life Ins. Co. v John Hancock Life Ins. Co. (U.S.A.) (2025 NY Slip Op 05306)

Matter of New York Life Ins. Co. v John Hancock Life Ins. Co. (U.S.A.)

2025 NY Slip Op 05306

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Moulton, J.P., Kennedy, González, Shulman, Rodriguez, JJ.

Index No. 655745/23|Appeal No. 4840|Case No. 2025-01856|

[*1]In the Matter of New York Life Insurance Company, Petitioner-Respondent,

v

John Hancock Life Insurance Company (U.S.A.) et al., Respondents-Appellants.

Skadden, Arps, Slate, Meagher & Flom LLP, New York (Lara A. Flath of counsel), for appellants.

Hecker Fink LLP, New York (Sean Hecker of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered February 26, 2025, which granted petitioner's motion to compel arbitration, unanimously affirmed, with costs.

Supreme Court correctly concluded that the language of the parties' arbitration agreements provided that the arbitration panel is empowered to determine, and must determine, the threshold issue of arbitrability, which includes a determination of whether the arbitration panel has jurisdiction to consider the proposed request for clarification of a previously confirmed award (see Wu v Uber Tech., Inc., 43 NY3d 288, 302 [2024]; Life Receivables Trust v Goshawk Syndicate 102 at Lloyd's, 66 AD3d 495, 495-496 [1st Dept 2009], affd 14 NY3d 850 [2010], cert denied 562 US 962 [2010]; see also Henry Schein, Inc. v Archer & White Sales, Inc., 586 US 63, 68-70 [2019]).

In light of the foregoing, Supreme Court was correct not to reach the merits of the parties' jurisdictional arguments at this juncture.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 2, 2025